The Aultman & Taylor Co. v. Trainer.

---

## THE AULTMAN & TAYLOR COMPANY v. TRAINER.

Sale of Machine : ACTION ON PURCHASE NOTE : WARRANTY : FAILURE OF CONSIDERATION : EVIDENCE. In an action upon a promissory note given for the purchase price of a machine, where the defense was failure of consideration and breach of written warranty, defendant was permitted, without objection, to testify to the contents of the alleged written warranty, without laying a foundation for the introduction of such secondary evidence, and plaintiff did not afterwards move to exclude this testimony. *Held* that it could not afterwards object to the testimony of the defendant and others as to the worthlessness of the machine on the ground that no warranty had been proved; and that, at all events, such testimony was admissible on the issue of failure of consideration.

*Appeal from Ida District Court.* — HON. J. H. MACOMBER, Judge.

FILED, MAY 12, 1888.

ACTION on a promissory note. Defense, failure of consideration and breach of warranty. The court instructed the jury to return a verdict for plaintiff. A verdict was so returned, and judgment rendered thereon in favor of plaintiff. Defendant appeals.

*L. A. Berry*, for appellant.

*C. W. Rollins*, for appellee.

ROBINSON, J.—The defense of defendant is set out in the fourth and fifth divisions of his answer. The making of the note is admitted in each. The fourth division as amended alleges a failure of consideration of the note, in that it was given for a threshing-machine separator, which plaintiff warranted to do good work, and agreed to make do good work, and that the separator proved to be worthless, and was not made to work according to the agreement. The fifth division alleges that the note in suit was given for a threshing-machine purchased by defendant of plaintiff; that plaintiff in writing warranted said machine to do good and perfect work, and agreed to surrender the note and take back the machine in case it did not work as warranted, upon receiving notice of that fact; that said machine failed to work as warranted, and was utterly worthless save for iron and fire-wood; that plaintiff was promptly notified of said failure and requested to take back the machine and return the note, but failed so to do. Defendant further alleges that he is not able to attach a copy of the warranty to his answer for the reason that it is lost.

I. Defendant was permitted to testify without objection as to the contents of the written warranty referred to in his answer. He was then asked to state how the separator operated. This question was objected to by plaintiff on the ground that it was incompetent, immaterial and irrelevant, and the objection was sustained. Defendant attempted to prove by another witness that the machine was worthless except for old iron

and fire-wood, and that it never did good work. This was objected to by plaintiff "as incompetent, immaterial and irrelevant at this stage of the case, for the reason that they have laid no foundation for the testimony." The objection was sustained. These rulings of the district court are assigned as errors. We infer from the arguments of counsel that the objections were sustained on the theory that defendant had failed to lay the foundation for proving the contents of the warranty by oral testimony; hence that no warranty had been shown. The answer to this is that the oral evidence of the terms of the warranty was introduced without objection, and, after it was shown that due diligence to obtain the writing itself had not been used, no effort was made to exclude the evidence already given. We do not think the competency of this evidence could be called in question by objections made to evidence which was of itself proper. But the evidence excluded would have been proper even if there had been no evidence of warranty. The fourth division of the answer pleaded a failure of consideration, and the evidence objected to would have tended to sustain that plea.

II. Other questions discussed by counsel are not likely to arise on another trial, and need not be considered. For the errors pointed out the case is

REVERSED.